UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARRYL LLOYD WHITE,           )
                              )
              Plaintiff,      )     Case No. 2:08-cv-1302-JCM-RJJ
                              )
vs.                           )
                              )     **ORDER**
GLEN WHORTON, *et al.*,       )
                              )
              Defendants.     )

Presently before the court is the case *White v. Whorton, et al.* (case number 2:08-cv-01302). This court previously dismissed plaintiff's complaint, finding that he had failed to exhaust his administrative remedies. On appeal, the Ninth Circuit vacated this court's order dismissing the complaint. *See* doc. #37. The Ninth Circuit found that this court had relied on an unverified inmate appeal report, and that more evidence, such as a declaration describing the report's import or completeness, was required to meet the defendants' burden to show nonexhaustion. *See id.* Accordingly, the Ninth Circuit remanded the matter to this court, so that the parties could have an opportunity to supply additional evidence regarding exhaustion.

Defendants have now supplied plaintiff's inmate grievance reports and the affidavit of a caseworker from the Nevada Department of Corrections. *See* Ex. B to Def.'s Supp. Brief. The affidavit establishes that the three grievances attached to the defendant's supplemental brief contain plaintiff's full record of administrative complaints relating to the instant claims. As explained by the case worker, "There are no additional grievances submitted by Inmate White pertaining to the subject matter of the instant litigation. *Id.* at ¶ 8.

The Ninth Circuit has held that "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b)

1  motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), cert. denied *Alameida v. Wyatt*, 540 U.S. 810 (2003).  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-1120 (internal citations omitted).  If the court concludes the prisoner failed to exhaust nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Congress passed the Prison Litigation Reform Act ("PLRA") in 1995.  The PLRA requires prison inmates fully exhaust their grievances through the prison administrative grievance process before filing an action over prison conditions, "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).  One purpose of the act is to reduce the sheer number of prisoner suits, specifically frivolous actions. *See Ortiz v. McBride*, 380 F.3d 649, 658 (2d Cir. 2004).  Thus, exhaustion must occur *prior* to filing suit, not during the suit's pendency. *McKinney v. Carey*, 311 F.3d 1198, 199-1201 (9th Cir. 2002).  This requirement applies to allegations of all types of wrongdoing whether isolated or not. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Additionally, NRS 41.0322 requires prison inmates exhaust their administrative remedies prior to filing suit, which, pursuant to NRS 209.243, must be filed within six months of the date of the alleged injury.

A review of plaintiff's inmate grievances establishes that plaintiff failed to exhaust his administrative remedies.  Plaintiff first filed an administrative grievance at the informal level, on November 2, 2005. *See Id.*, Attachment I.  This grievance was "unaccepted," because plaintiff had not shown that he attempted to resolve the complaint informally prior to filing a grievance. *Id.*  Rather than attempting to informally resolve the complaint, plaintiff appealed the decision by filing a first level grievance on December 1, 2006. *Id.*, Attachment II.  The first level grievance was denied, and plaintiff told he should "resubmit [his] grievance at the appropriate level (Informal)." *Id.*  Neither the administration's denial, nor defendant's motion and supporting affidavits, address the fact that plaintiff had *already* filed a grievance at the informal level on November 2, 2006.

. . .

1       Plaintiff appealed again, submitting a second level grievance on December 29, 2006. *Id.* at Attachment III. The appeal explained that plaintiff had no supporting documentation to show that he tried to resolve the complaint through informal channels – the basis for denying his initial informal grievance. *Id.* The administration responded by initiating a case in the inspector general's office to investigate plaintiff's allegations. *Id.* After this case was opened, however, it appears that plaintiff abandoned the grievance procedure and filed his federal suit.

      A review of the administrative record illustrates the frustrating maze of bureaucratic red tape plaintiff was forced to navigate. The court is also concerned that the administration viewed plaintiff's first informal grievance as improper, but found it fit to transform his appeal of that denial into an informal grievance. The fact remains, however, that plaintiff abandoned his administrative remedy. In so doing, plaintiff violated the PLRA and NRS 41.0322, which require that administrative remedies be exhausted prior to filing suit. Plaintiff's December 29, 2006, second level grievance was accepted by the administration and a case was opened to investigate the complaint. Rather then see this process through, however, plaintiff filed his federal suit, thereby failing to properly exhaust his administrative remedies prior to filing his suit.

      Accordingly,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants's motion to dismiss (doc. #16) be, and the same hereby is, GRANTED, and plaintiff's complaint is DISMISSED without prejudice.

      DATED February 28, 2012.

_____
UNITED STATES DISTRICT JUDGE